IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TITLEMAX OF DELAWARE, INC.<br><br>    Plaintiff,<br><br>v.<br><br>WENDY SPICHER, in Her Official Capacity as Secretary of the Pennsylvania Department of Banking and Securities,<br><br>    Defendant. | C.A. No. 1:24-cv-00930-GBW |

## SECOND DECLARATION OF CHRISTOPHER DUNN

I, Christopher Dunn, affirm the following under penalty of perjury:

1.    I serve as District Director of Operations, Corporate Representative and am legally employed by CCFI Companies, LLC. In that position, I support and am familiar with the business operations of TitleMax of Delaware, Inc. ("TitleMax of Delaware").

2.    I am over the age of 18, competent to testify, and have knowledge of the facts set forth herein, whether gained by my own personal knowledge or as a corporate representative through the review of business records, practices, or other efforts, and, if called as a witness, could and would testify to them.

3.    This is my second declaration submitted in this matter. Additional background, which I may refer to in this declaration, is available in my first declaration. D.I. 11-2.

4.    I live in Lawrenceville, Georgia.

5.    As noted in my first declaration, TitleMax of Delaware operates solely within Delaware, where it had approximately fifteen employees as of October 2017.

6. Based on my review of TitleMax of Delaware's business records, there are at least two individuals who previously worked for TitleMax of Delaware, who are no longer employed by TitleMax of Delaware or any of its affiliates, and whose last known (as to TitleMax of Delaware) residential addresses remain in Delaware.

7. Based on their positions and duties, these individuals would have had knowledge of and would be familiar with TitleMax of Delaware's lending practices, policies regarding lending to Pennsylvania consumers, and changes in business operations. They would have also had knowledge regarding the impact of these business operational changes on TitleMax of Delaware's revenues.

8. These individuals would also have had knowledge of the policy prohibiting initiating repossession of vehicles inside Pennsylvania.

9. TitleMax of Delaware has no reason to believe that these individuals would be willing to testify absent a subpoena.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: November 18, 2024

Christopher Dunn